E. M. MILLER & Co. v. L. GREENLEAF.

(No. 3950.)

APPEAL from Harrison County.   Opinion by WHITE, P. J.

T. P. YOUNG, counsel for appellants.

No counsel appeared for appellee.

§ 283. *Warranty of chattel; measure of damages for breach; case stated.*   This suit was brought by appellants to recover of appellee the amount due on two promissory notes, each for deferred payments on the purchase price of and the foreclosure of a mortgage given by appellee on a vehicle called a "four-post *vis-a-vis*," of the value of $450.   The original contract is evidenced by the following order:   "Marshall, December 7th, 1888.   E. M. Miller & Co., Quincy, Ill.: Please ship to me at once, 1888, or as soon thereafter as practicable, the following described vehicle, for which I agree to receive and pay all freight or express charges on same, and settle for according to terms and conditions described in this order.   N. B. Our responsibility ceases when we take bill of lading per your instructions.   Your recourse for losses, damages and delays in delivery is upon the carrier.   We do not guaranty rates of freight unless so specified in order, but will always get the cheapest we can on day of shipment; nor will we recognize any verbal agreement or understanding otherwise than expressed on the face of this order.   All orders taken subject to the approval of E. M. Miller & Co., and all claims for damages must be made within five days after the receipt of goods."   Appellee received the carriage in due time, and used same for more than two years and a half, never making any complaint that same was not in full compliance with the contract, or expressing any dissatisfaction with the same.   He paid up the instalments of

purchase-money as they fell due. Appellee in his own testimony stated: "I paid the notes as they fell due until I thought I had paid as much as the vehicle was worth, and then I stopped." There was no evidence as to the value of the carriage when he received it, nor that it was not such a carriage as was contracted for. Appellee had pleaded a general denial to the cause of action, and also that the carriage was not such as was warranted, and he placed his damages at $100. At the trial the jury found a verdict for the defendant, and judgment was rendered accordingly in his favor and for costs of the suit. In its charge to the jury the court failed to state the rules as to the measure of damages applicable to the facts. On this subject the charge of the court was as follows: "You are instructed the plaintiffs are entitled to recover the amount of the notes with interest expressed in them, unless there was a warranty which has failed; and if you find that there was such a warranty, and that the carriage did not come up to said warranty, you will deduct from the amount of plaintiffs' claim the damage that defendant has sustained by reason of such failure." Appellants requested, and the court refused to give, the following instruction covering the court's omission as to the measure of damages, to wit: "In this case you are instructed that the measure of damages as to the warranty, if you find there was one, is the difference between the value of the carriage which the defendant actually received and the one which was contracted for; and in estimating any damage for defendant you will be governed by this rule." It was clearly error to refuse this instruction. The evidence upon which the judgment appears to have been rendered in the court below was that of the appellee himself, who testified that it was warranted that the vehicle which he bought would be first class in every particular, and that it was not first class and what the agents of appellants agreed it should be; and also the testimony of two sup-

posed experts, who did not see the carriage until it had been used over two years by appellee, and who testified that in their opinion it was not first class when received. To say the least of it, such testimony, after the expiration of over two years from the date at which the carriage was received, and after it had been used by the appellee for all that period of time without any complaint that it was not as warranted, is, in our opinion, most unsatisfactory and inconclusive as to the facts to which these parties deposed. On the other hand, plaintiffs proved by the testimony of E. T. Miller, E. H. Todd and Henry Yakel, parties who knew the carriage at the time it was made and received, that it was first class, and complete, and came up to the warranty. Because the court erred in failing to instruct the jury as to the proper measure of damages, and also in failing and refusing to give plaintiffs' special requested instruction embodying the law upon that subject, and because, in our opinion, the evidence is insufficient to support the verdict and judgment, the judgment is reversed and the cause remanded.

December 22, 1891.          Reversed and remanded.